UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| EUGENE HOUSTON STILES, SR., ) | |
| ) | |
| Plaintiff, ) | Case No. 1:08-cv-792 |
| ) | |
| v. ) | Honorable Robert J. Jonker |
| ) | |
| TRANS UNION LLC, et al., ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Defendants. ) | |
| _____) | |

This is a civil action brought by a *pro se* plaintiff. This is one of a number of cases filed roughly contemporaneously by William Vinton and a number of his relatives, each alleging the same claim in virtually identical language. Each complaint alleges, in conclusory fashion, that defendants violated the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, by selling lists of customer information to third parties for marketing purposes. Because of the substantial similarity between these cases, the district judges to whom the cases are assigned entered orders of reference referring these cases to me for coordinated pretrial management.

I scheduled an omnibus Rule 16 scheduling conference in all cases for October 28, 2009. In preparation for the conference, all parties were required to collaborate in the preparation of a joint status report. (*See* Order, docket # 28). Paragraph 4 of the order setting the Rule 16 scheduling conference required the parties to meet at least seven days before the conference and to prepare and submit the joint status report. The order informed the parties, in bold letters, that plaintiff would be responsible for scheduling the meeting.

Only defendants filed a status report. Defendants' status report chronicled defense counsel's efforts to procure the cooperation of plaintiff, without success. Plaintiff failed to appear for the October 28, 2009 Rule 16 conference.[1]

Plaintiff has violated the court's order setting Rule 16 scheduling conference by failing to cooperate with defense counsel in the preparation of a joint status report. Plaintiff has also failed to participate in the case planning process by failing to appear for the Rule 16 conference. Rule 16(f) empowers the court to order sanctions against a party who fails to appear at a scheduling conference. Allowable sanctions are those set forth in Rule 37(b)(2)(A)(ii)-(vii), including the entry of an order dismissing the action. Plaintiff's neglect of this action, causing defendant to incur unnecessary costs, merits the sanction of a dismissal of this action for failure to participate in the scheduling process. It is apparent that plaintiff has no intention of cooperating in the court's case management process or appearing for scheduled hearings. A plaintiff's refusal to cooperate in the case management process makes it impossible for the court to adjudicate his claims. I therefore recommend that this case be dismissed without prejudice.

At the conclusion of the Rule 16 scheduling conference, defense counsel requested the taxation of attorney's fees against plaintiff as allowed by Fed. R. Civ. P. 16(f)(2). Counsel was directed to file an appropriately supported petition for fees. Almost two months has elapsed without action by defense counsel. In the circumstances, I deem defendants' request for the taxation of attorney's fees to be waived.

---

[1] Only William Vinton and Dawn Marie Vinton, who are *pro se* plaintiffs in related cases, appeared at the case management conference. Mr. Vinton has been admonished by this court on more than one occasion that as a *pro se* litigant he may advance his own claims, but not the claims of other persons. *See* 28 U.S.C. § 1654; *Shepherd v. Wellman*, 313 F.3d 963, 970-71 (6th Cir. 2002); *United States v. 9.19 Acres of Land*, 416 F.2d 1244, 1245 (6th Cir. 1969).

## Recommended Disposition

For the foregoing reasons, I recommend that the captioned case be dismissed without prejudice as a sanction under Rule 16(f) of the Federal Rules of Civil Procedure for plaintiff's failure to obey a scheduling order and failure to appear at a scheduling conference.

Dated:  December 16, 2009          /s/  Joseph G. Scoville
                                   United States Magistrate Judge

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).